**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JERRY DON CARLE                                                                                    PLAINTIFF

V.                                              3:06CV00116 JTR

RON HARVEY, Administrator,
Greene County Detention Center, et al.                                                  DEFENDANTS

## ORDER

Pending before the Court is Defendants' Motion to Compel.  *See* docket entry #44.  For the reasons set forth herein, the Motion will be granted.

Plaintiff has commenced this *pro se* § 1983 action alleging that Defendants failed to provide him with adequate medical care for a broken tooth while he was being held at the Greene County Detention Facility.  *See* docket entries #2, #5, and #47.  On October 9, 2006, Defendants sent Plaintiff Interrogatories and a Request for Production, which included an Authorization to Disclose Health Information.  *See* docket entry #44, Exhibit A.  On October 25, 2006, Plaintiff filed his Response to the Interrogatories and Request for Production, which included a statement declaring that Plaintiff refused to sign the Authorization because his medical "records have nothing to do with weather [sic] or not the defendants, Ron Harvey and Tim Huffine, put the plaintiff's physical health at risk."  *See* docket entry #39.

Accordingly, on October 26, 2006, Defendants filed the current Motion asking the Court to compel Plaintiff to execute the Authorization.  *See* docket entry #44.  Plaintiff has <u>not</u> filed a

Response to the Motion to Compel, and the time for doing so has expired.[1]

Local Rule 7.2(f) provides that: "The failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, or by any local rule, shall be an adequate basis, without more, for granting the relief sought in said motion." Additionally, the Court finds Plaintiff's objection to completing the Authorization to be without merit.

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion to Compel (docket entry #44) is GRANTED.

2. Plaintiff shall sign, date, and file[2] the Authorization to Disclose Health Information sent to him by Defendants **within thirty days of the entry of this Order**.

---

[1] Plaintiff's Response was due on or before November 9, 2006. *See* Local Rule 7.2(b) (providing that: "Within eleven days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities"); Fed. R. Civ. P. 6(e) (providing that a party shall have three extra days to file a response when the motion was served upon him or her by mail).

[2] Usually, discovery responses are not filed with the Court and, instead, are mailed directly to the opposing counsel, along with a certificate of service. *See* Fed. R. Civ. P. 5(d). However, the Court hereby instructs Plaintiff to FILE his signed and dated Authorization WITH THE CLERK so that it can determine whether Plaintiff has timely and properly complied with this Order.

      3.      Plaintiff is hereby advised that the failure to timely and properly do so will result in this case being dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)[3] and/or Fed. R. Civ. P. 37(b)(2).[4]

Dated this 15th day of November, 2006.

 

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. <u>If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice</u>. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

[4] Fed. R. Civ. P. 37(b)(2) provides, in pertinent part, that a court may dismiss an action if "a party fails to obey an order to provide or permit discovery."