**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JERRY DON CARLE                                                                                          PLAINTIFF

V.                                              3:06CV00116 JTR

RON HARVEY, Administrator,
Greene County Detention Center, et al.                                                      DEFENDANTS

**ORDER OF DISMISSAL**[1]

Plaintiff has commenced this *pro se* § 1983 action alleging that Defendants failed to provide him with adequate medical care while he was incarcerated at the Greene County Detention Facility ("GCDF"). *See* docket entries #2 and #5. For the reasons set forth herein, the case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

On November 15, 2006, the Court entered an Order granting Defendants' Motion to Compel and ordering Plaintiff to "sign, date, and <u>file</u> the Authorization to Disclose Health Information" within thirty days. *See* docket entry #52 (emphasis in the original). Importantly, the Court advised Plaintiff that the failure to timely and properly do so would result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).[2] *Id.*

---

[1] On October 25, 2006, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #40.

[2] Local Rule 5.5(c)(2) provides that: "<u>It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address</u>, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. <u>If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice</u>. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

As of the date of this Order, Plaintiff has failed to comply with the Court's November 15, 2006 Order, and the time for doing so has expired.  The Court notes that, since October 31, 2006, Orders and pleadings (including the November 15, 2006 Order) sent to Plaintiff at his last known GCDF address have returned as undeliverable.  *See* docket entries #50, #51, #54, #55, and #56.  However, in a July 13, 2006 Order – which was not returned as undeliverable – the Court specifically advised Plaintiff that Local Rule 5.5(c)(2):  (1) required him to "promptly" notify the Court of any change in his address; and (2) allowed for the dismissal of his action, without prejudice, if he failed to timely and properly comply with any Court Order.  *See* docket entry #3.   Nevertheless, Plaintiff had not notified the Court of any change in his mailing address. Thus, Plaintiff does not have a valid justification for failing to comply with the Court's November 15, 2006 Order.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's  November 15, 2006 Order.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 20th day of December, 2006.

_____
UNITED STATES MAGISTRATE JUDGE